**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PRADEEP BHUSAL, | No. 12-70166 |
| Petitioner, | Agency No. A098-532-921 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Pradeep Bhusal, a native and citizen of Nepal, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reconsider

and reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse

of discretion the denial of motions to reconsider and reopen, and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).

We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Bhusal's motion to reconsider where Bhusal failed to identify any error of law or fact in the BIA's previous order.  *See* 8 C.F.R. § 1003.2(b)(1).  Contrary to Bhusal's contentions, the BIA did not apply an incorrect evidentiary standard.  *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003) ("in immigration proceedings [t]he sole test for admission of evidence is whether the evidence is probative and its admission is fundamentally fair" (internal quotations omitted)).

The BIA properly construed Bhusal's motion also to be a motion to reopen in which he submitted new evidence of changed country conditions.  *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1180 (9th Cir. 2001) (en banc) (explaining that "[t]he purpose of a motion to reopen is to present new facts or evidence that would entitle the alien to relief from deportation" while "[t]he purpose of a motion to reconsider is not to raise *new* facts, but rather to demonstrate that the [immigration judge] or the BIA erred as a matter of law or fact" (emphasis in original)).

The BIA did not abuse its discretion in denying Bhusal's motion to reopen as untimely and number-barred where the successive motion was filed more than three years after his removal order became final, *see* 8 C.F.R. § 1003.2(c)(2), and

Bhusal failed to demonstrate a material change in circumstances in Nepal to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

It follows that Bhusal's due process contentions fail. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

To the extent Bhusal seeks review of the agency's underlying orders denying relief, we lack jurisdiction because the petition for review is not timely as to those orders. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-70166